[710 NYS2d 393]

In the Matter of GREGORY C. FREEMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 10, 2000

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. In response to the Grievance Committee's motion, the respondent requests that the Special Referee's findings be affirmed and that he be treated as an alcoholic so as to protect the public interest and help him reintegrate himself into the legal profession.

Charge One alleged that the respondent neglected legal matters entrusted to him and/or engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 6-101 (a) (3) and/or DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [8] [now (7)]).

The respondent's law firm, by the respondent, was retained to represent the Bank of New York as plaintiff in several mortgage foreclosure actions. The respondent did not attend to the foreclosure work. In or about March 1998, the respondent informed his partners, in answer to their inquiries, that he was not current on those matters.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and/or conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and/or (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [8] [now (7)]).

In or about March 1998, the respondent informed his partners that he had misinformed the Bank of New York regarding the status of the foreclosure actions and further, that in two matters he had prepared and forwarded to the bank documents purporting to be judgments of foreclosure which were, in fact, fictitious.

The Special Referee properly sustained the charges which were uncontested. The Grievance Committee's motion to confirm the Special Referee's report is granted.

Notwithstanding the mitigation proffered by the respondent, the Special Referee notes that although the respondent is eligible to be informally monitored by the Lawyers' Assistance Program, which has the capacity to conduct random laboratory testing for alcohol consumption, he inexplicably chose not to participate. In addition, the respondent is not currently in treatment with a psychiatrist or mental health professional. The Referee's report also reveals that the respondent stopped attending Alcoholics Anonymous (hereinafter AA) meetings in 1992 against the advice of his AA mentor, based upon his own personal belief that he would not drink again.

The respondent's disciplinary history is not unblemished. He was issued a Letter of Caution in May 1981 for neglecting an estate. Between October 1987 and February 1994 the respondent was issued three Letters of Admonition for neglect, failure to cooperate with the Grievance Committee, and conduct adversely reflecting on his fitness to be an attorney.

The respondent's misconduct involved not only neglect but the preparation of fictitious documents purporting to be judgments of foreclosure which he sent to his client.

Under the totality of the circumstances, the respondent is disbarred.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gregory C. Freeman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Gregory C. Freeman is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.